IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAN BRINKMAN,

              Plaintiff,                             No. CV-11-489-HZ

      v.

                                                    ORDER

MARLA M. ROSS and
DERMATOLOGY ASSOCIATES, PC,

              Defendants.

HERNANDEZ, District Judge:

Plaintiff  Dan Brinkman ("Plaintiff" or "Brinkman"), appearing pro se, brings this action

against defendants Dr. Marla M. Ross ("Ross") and Dermatology Associates, PC ("Dermatology

Associates") (collectively, "Defendants").  Now before me is Defendants' motion to dismiss

(doc. #5) the complaint for lack of subject matter jurisdiction pursuant to the Federal Rules of

1 - ORDER

Civil Procedure ("Rule") 12(b)(1).  For the reasons that follow, I GRANT Defendants' motion to dismiss.

## BACKGROUND

Plaintiff filed a complaint in the United States District Court for the District of Oregon on April 21, 2011.  Compl., p. 1.  The complaint states that Plaintiff  "did not take this matter to the state court system . . . because [Plaintiff] does not trust the competence, integrity and professionalism of that court system . . . ."  Id., p. 2.

Plaintiff brings this action against Ross, a dermatologist, and Dermatology Associates, the dermatology practice where Ross works.  See Id., p. 1, 4, 9.  He alleges Defendants were grossly negligent and committed medical malpractice for failing to diagnose that his blood pressure medication was the cause of "severe rashes, scars, itching, and flaking" that he was experiencing all over his body.  See Id., p. 3, 7.  He brings claims for "gross acts of negligence," "skin damage, pain and suffering," "malpractice," and "billing fraud."  See Id., p. 1.  He seeks $375,000 in damages for "all damages," including "emotional and psychological distress, pain and suffering, physical harm[,] . . . and . . . medical billing fraud, mail fraud, etc. . . ."[1]  See Id., p. 14.  Plaintiff also alleges Defendants committed "medical billing fraud" and "federal mail fraud" for failing to send him an "itemized bill" and for which they knew was "intentionally inaccurate."[2]  Id., p. 3, 13.

/ / /

/ / /

---

[1] Plaintiff's primary physician, Dr. Brodsky, referred Plaintiff to Ross.  See Compl., p. 4.

[2] Defendants sent Plaintiff a bill for $43.54 after his visit with Ross.

2 - ORDER

**STANDARDS**

A motion to dismiss brought pursuant to Rule 12(b)(1) addresses the court's subject matter jurisdiction.  The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient.  See Corrie v. Caterpillar, Inc., 503 F.3d 974, 979-80 (9th Cir. 2007); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (Internal quotation omitted).  Additionally, the court may consider evidence outside the pleadings to resolve factual disputes.  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

Pro se pleadings must be "liberally construed."  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Before dismissing a pro se litigant's complaint, the court must give the pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment."  Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).  If a pro se litigant is given leave to amend, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his errors.  Id.

/ / /

/ / /

3 - ORDER

## DISCUSSION

Defendants argue that this court lacks original jurisdiction.  "Federal courts are courts of

limited jurisdiction" and unless a grant of jurisdiction over a particular case exists, the court is

presumed to lack jurisdiction.  Kokkonen, 511 U.S. at 376-78; see also Stock West, Inc. v.

Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  A federal

district court is empowered to hear only those cases which are within the judicial power

conferred by the United States Constitution or within the area of statutory jurisdiction granted by

Congress.  Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir. 1991).  Original

jurisdiction must be based either on diversity of citizenship, involving suits involving more than

$75,000 between citizens of different states pursuant to 28 U.S.C. § 1332, or on a claim

involving the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.  If

a court lacks jurisdiction, it is not in a position to act and its decisions may not generally be

enforced.  Toumajian v. Frailey, 135 F.3d 648 (9th Cir. 1998).  Subject matter jurisdiction is a

threshold issue in the absence of which the court cannot proceed to hear other issues.  United

States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988);

Blackburn v. United States, 100 F.3d 1426 (9th Cir. 1996).

## I.  Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

Plaintiff asserts that diversity jurisdiction exists because he is not a citizen of Oregon.[3]

Although Plaintiff concedes that he has "lived in Oregon for a few years," he asserts that he

"do[es] not consider [himself] an Oregonian state resident or permanent or long-term Oregon

---

[3] The parties do not dispute whether the amount in controversy exceeds the sum or value
of $75,000.

state resident." Resp., p. 6.  He contends that he has property in his "home state of Maryland"

and that his "official state of domicile" is Maryland.  Id.

"[T]he party asserting diversity jurisdiction bears the burden of proof."  E.g., Lew v.

Moss, 797 F.2d 747, 749 (9th Cir. 1986).  "Diversity jurisdiction requires complete diversity

between the parties–each defendant must be a citizen of a different state from each plaintiff."  In

re Digimarc Corp. Derivative Litig., 549 F .3d 1223, 1234 (9th Cir. 2008).  "To demonstrate

citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be

domiciled in a state of the United States."  Lew, 797 F.2d at 749.  "The natural person's state

citizenship is . . . determined by her state of domicile, not her state of residence."  Kanter v.

Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "[A] person is 'domiciled' in a location

where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to

remain there permanently or indefinitely.'"  Lew, 797 F.2d at 749-50.  "[A] person's old domicile

is not lost until a new one is acquired.  A change in domicile requires the confluence of (a)

physical presence at the new location with (b) an intention to remain there indefinitely."  Id. at

750.

Plaintiff's mere assertion that he owns property in Maryland and intends to go back there

is insufficient to meet his burden of establishing diversity jurisdiction.  Plaintiff does not make

such allegations in his complaint and fails to provide any evidence supporting his assertion.

Indeed, Plaintiff fails to even allege that he is a citizen of the United States.  See Lew, 797 F.2d

at 749.  More important, the mere fact that Plaintiff has property in Maryland does not by itself

establish that Plaintiff has a "fixed habitation or abode" in Maryland and intends to remain there

"permanently or indefinitely" for the purpose of establishing diversity jurisdiction.  See Id. at

5 - ORDER

749-50.  This is especially true where Plaintiff concedes that he has "lived in Oregon for a few

years" and where his complaint indicates that he currently resides in Oregon.  See Compl., p. 1;

Resp., p. 6.

In addition, Plaintiff fails to allege the citizenship of either defendant.  "A party seeking

to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

relevant parties."  Kanter, 265 F.3d at 857.  Plaintiff fails to make any allegations regarding the

principal place of business and state of incorporation of Dermatology Associates.  See Johnson v.

Colum. Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] corporation is a citizen

only of (1) the state where its principal place of business is located, and (2) the state in which it is

incorporated."); see also Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986) ("a professional

corporation is to be treated like other corporations for purposes of determining the presence or

absence of diversity jurisdiction"); Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 710

F.2d 87, 89 (2d Cir. 1983) (same); 28 U.S.C. § 1332(c)(1).  Indeed, the complaint indicates that

complete diversity does not exist between Plaintiff and Ross.  See Compl., p. 1.

**II. Federal Question**

"Absent diversity of citizenship, federal-question jurisdiction is required."  Caterpillar,

Inc. v. Williams, 482 U.S. 386, 392 (1987).  As with diversity jurisdiction, a plaintiff has the

burden of alleging federal question jurisdiction.  See Rivet v. Regions Bank of La., 522 U.S. 470,

475 (1998).  "The presence or absence of federal-question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc.,

482 U.S. at 392 (citation omitted).  28 U.S.C. § 1331 governs federal question jurisdiction.  See

6 - ORDER

28 U.S.C. § 1331.  The statute states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Id.  The "arising under" qualification of 28 U.S.C. § 1331 confers district courts with jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations and citations omitted).  With respect to whether Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, the district court "must examine whether such question is a necessary element of one of their well-pleaded state . . . claims."  Id. at 955.

Plaintiff responds that he has "raised federal issues" in his complaint.  See Resp., p. 4, 6. He asserts that his claims involve federal issues because Defendants "have received federal dollars from Social Security as well as Medicare and have personally and financially benefited [sic] from these federal tax dollars."  Id., p. 2.  He further asserts that federal question exists because Defendants "overbill[ed him] and [his] out-of-state health insurance company . . . fraudulently through the federal mail system."  Id.

Plaintiff's arguments are unpersuasive.  As pled, the allegations in his complaint do not "arise under" federal law.  To the contrary, I find that Plaintiff's claims for relief sound in state law and do not depend upon the resolution of substantial questions of federal law.  Plaintiff's assertions that Defendants receive "federal tax dollars" by way of patients on social security and Medicare or that Defendants allegedly billed his "out-of-state insurance company" have no bearing on and are irrelevant to his claims and to the issue of jurisdiction.  In fact, Plaintiff

7 - ORDER

readily concedes that he "did not pay any Medicare money or Social Security money to Dr. Ross and Dermatology Associates." Id. To the extent that the complaint alleges "mail fraud," courts have consistently held that the federal mail fraud statutes do not confer a private right of action. See, e.g., Wilcox v. First Interstate Bank, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("there is no private right of action for mail fraud under 18 U.S.C. § 1341"); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 407-08 (8th Cir. 1999) (finding no private right of action exists under either mail or wire fraud statutes); Napper v. Anderson, 500 F.2d 634, 636 (5th Cir. 1974) ("The wire fraud act, 18 U.S.C. § 1343, is closely analogous to the mail fraud statute, 18 U.S.C. § 1341, and likewise evidences no intent of Congress to grant additional federal question jurisdiction in civil cases").

## CONCLUSION

For the foregoing reasons, this court concludes that Plaintiff has not met his burden of establishing the existence of subject matter jurisdiction, and hereby GRANTS Defendants' motion to dismiss (doc. #5) with leave to amend.

IT IS SO ORDERED.

Dated this ___9th___ day of August, 2011.

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

8 - ORDER